IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| ERIC KORB : | NO.: _____ |
| 2122 Lincolnshire Rd : | |
| Furlong, PA 18925 : | JURY TRIAL DEMANDED |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| BRICKSIMPLE, LLC : | |
| 22 S. Main St, Suite 225 : | |
| Doylestown, PA 18901 : | |
| : | |
| Defendant. : | |

---

## COMPLAINT – CIVIL ACTION

Plaintiff, Eric Korb ("Plaintiff"), by and through his undersigned attorneys, for his Complaint against Defendant, BrickSimple LLC ("Defendant"), alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this Complaint contending that Defendant has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq*, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, et seq. by improperly failing to pay compensation.

2.     Plaintiff further contends that Defendant has failed to pay him wages which are due and owing in breach of its contractual obligations toward Plaintiff under Pennsylvania common law.

3.     Plaintiff further contends that Defendant violated the FLSA by discriminating against and ultimately terminating him in retaliation for engaging in protected activity under the FLSA.

4. Specifically, Plaintiff contends that Defendant terminated him shortly after he made an internal complaint regarding Defendant's failure to pay compensation.

5. Plaintiff brings this action under the FLSA, PMWA, WPCL, and Pennsylvania common law for monetary damages to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

7. This action is authorized and initiated pursuant to the FLSA.

8. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

10. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

11. Plaintiff is a citizen of the United States and Pennsylvania, and currently maintains a residence at 2122 Lincolnshire Rd Furlong, PA 18925.

12. Defendant is a for-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a headquarters and principal place of business at 22 S. Main St, Ste 225, Doylestown, PA 18901.

13. Defendant is an employer as defined by the FLSA, PMWA, and WPCL.

14. Plaintiff was an employee who was employed by Defendant during all times relevant hereto and, as such, is an employee entitled to the protections of the FLSA, PMWA, and WPCL.

15. At all times relevant hereto, Defendant acted or failed to act through its agents, servants and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates the preceding paragraphs as though the same were fully set forth at length herein.

17. Plaintiff began his employment with Defendant on or about August 11, 2014, when he was hired as a Mobile, Web and Next Generation Platform Developer with an initial base salary of $115,000.

18. At all times material hereto, Plaintiff performed his job well, earning occasional praise and no justifiable discipline.

19. By way of example, on or about June 27, 2025, June 30, 2025, and July 3, 2025, Defendant's founder and Plaintiff's direct supervisor Det Ansinn praised Plaintiff for his contributions and efforts in the company.

20. In June of 2024, Plaintiff's salary was reduced to from $259,000 to $207,200 due to a 20% leadership reduction.

21. Again, in January of 2025, Plaintiff's salary was further reduced by 25% to $155,400 due to a company-wide salary reduction.

22. On multiple occasions between November 30, 2024 and August 15, 2025, Plaintiff was either paid late, short paid, or never paid for his salaried position, as detailed below.

23. On or about December 6, 2024, Plaintiff received a paycheck that should have been issued on November 30, 2024.

24. On or about December 23, 2024, Plaintiff received a paycheck that should have been issued on December 15, 2024.

25. On or about January 6, 2025, Plaintiff received a paycheck that should have been issued on December 31, 2024.

26. On or about March 5, 2025, Plaintiff received a paycheck that should have been issued on February 29, 2025.

27. On or about April 7, 2025, Plaintiff received a paycheck that should have been issued on March 31, 2025.

28. On or about May 20, 2025, Plaintiff received a paycheck that should have been issued on April 30, 2025.

29. As of this date, Plaintiff is still owed two (2) paychecks totaling approximately $12,950.00 for the May 1, 2025 to May 15, 2025 and May 16, 2025 to May 31, 2025 payroll periods.

30. On or about July 7, 2025, Plaintiff received a paycheck that should have been issued on June 30, 2025.

31. On August 15, 2025, Plaintiff was not paid in full for the pay period from August 1, 2025 to August 15, 2025. The paycheck did not account for vacation pay during Plaintiff's vacation from August 11, 2025 to August 15, 2025. There still remains an outstanding amount of $3,108.00 in unpaid wages for this payroll period.

32. On August 18, 2025, during a phone call amongst Mr. Ansinn and Defendant's Chief Financial Officer, Brian Kieser, Plaintiff complained to Mr. Ansinn about the aforementioned unpaid wages.

33. Plaintiff's internal complaints regarding his unpaid wages constituted protected activity under the FLSA.

34. Mr. Ansinn immediately and abruptly terminated Plaintiff's employment.

35. It is believed, and therefore averred, that Defendant terminated Plaintiff in retaliation for engaging in protected activity under the FLSA by complaining about his unpaid wages.

36. Upon his termination, Plaintiff demanded payment for vacation hours he had accrued but not used.

37. Pursuant to the Employee Handbook referenced in the offer letter, accrued vacation pay will be paid out in the employee's final paycheck. The Employee Handbook provided as follows: "If an employee voluntarily or involuntarily separates from the company after six months of regular full-time employment, the accrued vacation pay will be paid out on his or her final paycheck."

38. On or about January 10, 2019, Defendant amended its Paid Time Off ("PTO") policy to allow unused PTO to carry over into the next calendar year. The policy provided as follows: "All vacation days are earned through monthly accrual (1st year, 0.83 days/mo, 1.25 days/mo, 1.67 days/mo), unused days carry over to the next calendar year."

39. Upon his termination, Plaintiff was entitled to $38,912.16 for vacation hours accrued but unused through June 1, 2024.

5

40. Plaintiff was further entitled to $4,160.58 for vacation hours accrued but unused for the period from June 1, 2024 through January 1, 2025.

41. Between January 1, 2025 and August 15, 2025, Plaintiff accrued 100.19 hours' worth of vacation time, representing wages in the amount of $7,784.76. During the same period, Plaintiff utilized approximately 116 hours of vacation time, representing wages in the amount of $9,013.20. Accordingly, the net balance for this period was negative $1,228.44, meaning that Plaintiff utilized more paid vacation than accrued.

42. Plaintiff was therefore owed a total of approximately $41,844.30 in accrued but unused vacation hours in addition to $16,058 in unpaid wages from the aforementioned payroll periods in May 2025 and August 2025.

43. In sum, at the time of his termination, Plaintiff earned, was entitled to, and was owed a total of approximately $57,902.30.

44. Defendant has not made the payments due and owing to Plaintiff, despite the demands made, and continues to refuse to pay the remaining balance of unpaid wages to Plaintiff.

45. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to his reputation.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, et seq.**
**<u>FAILURE TO PAY MINIMUM WAGE</u>**

46. Plaintiff incorporates the preceding paragraphs as though the same were fully set forth at length herein.

47. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

48. By its actions alleged above, Defendant has violated the provisions of the FLSA by failing to properly pay Plaintiff for all hours worked.

49. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

50. Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs and expenses.

**WHEREFORE**, Plaintiff prays for the following relief:

A. Awarding Plaintiff the amount of unpaid wages to which he is entitled, including interest thereon, and penalties subject to proof;

B. Awarding Plaintiffs liquidated damages in accordance with the FLSA;

C. Awarding Plaintiffs reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

D. Awarding pre- and post-judgment interest and court costs as further allowed by law;

E. Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333, *et seq.*
## <u>FAILURE TO PAY MINIMUM WAGE</u>

48. Plaintiff incorporates the preceding paragraphs as though the same were fully set forth at length herein.

49. Defendant is an employer as defined by the PMWA.

50. The Pennsylvania Minimum Wage Act ("PMWA") provides that employers must pay certain "minimum wages" to its employees. See 43 P.S. § 333.113.

51. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay Plaintiff for all hours worked.

52. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable PMWA provisions.

53. Defendant is liable to Plaintiff for actual damages, liquidated damages and other equitable relief, pursuant to the PMWA, as well as reasonable attorney's fees, costs and expenses.

**WHEREFORE**, Plaintiff prays for the following relief:

A. An award to Plaintiff for the amount of unpaid wages to which he is entitled, including interest thereon, and penalties subject to proof;

B. An award to Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

C. An award to Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## COUNT III
### PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
### 43 P.S. § 260.1, et seq.
### FAILURE TO PAY WAGES DUE AND OWING

53. Plaintiff incorporates the preceding paragraphs as though the same were fully set forth at length herein.

54. At all times relevant hereto, Plaintiff was an employee entitled to protections under the WPCL.

55. Defendant is an employer covered by the WPCL.

56. The WPCL requires employers to pay all wages due to employees. 43 P.S. 260.3(a).

57. Under, the WPCL, "[a]ll wages…earned in any pay period shall be due and payable within the number of days after the expiration of said pay period as provided in a written contract of employment." See 43 P.S. § 260.3(a).

58. Under the WPCL, "whenever an employer separates an employee from the payroll, or whenever an employe [sic] quits or resigns his employment, the wages or compensation earned shall become due and payable not later than the next regular payday of his employer on which such wages would otherwise be due and payable." See 43 P.S. § 260.5(a).

59. Defendant has violated the WPCL by failing to pay Plaintiff all wages due, as described above.

60. As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered and will continue to suffer harm, and is entitled to all legal and equitable remedies available under the WPCL.

61. Defendants' conduct was intentional, deliberate, willful, and conducted in disregard to the rights of Plaintiff.

**WHEREFORE**, Plaintiff prays for the following relief:

- A. An award to Plaintiff for the amount of unpaid wages to which he is entitled, including interest thereon, and penalties subject to proof;
- B. Liquidated damages of not less than twenty-five percent (25%) under the WPCL;
- C. An award to Plaintiffs of reasonable attorney's fees and costs of this action; and
- D. An award to Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## COUNT IV
## FAIR LABOR STANDARDS ACT
### 29 U.S.C § 215, *et seq.*

## RETALIATION

62. Plaintiff incorporates the preceding paragraphs as though the same were fully set forth at length herein.

63. Plaintiff engaged in protected activity under the FLSA when he complained of practices prohibited by the FLSA to Defendant's founder Det Ansinn.

64. Shortly thereafter, Defendant retaliated against Plaintiff by terminating his employment.

65. By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the FLSA by discharging Plaintiff in retaliation for engaging in protected activity under the FLSA.

66. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays for the following relief:

A. Back wages and front pay in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

B. Liquidated damages in accordance with the FLSA;

C. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

D. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

E.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

F.  Pre-judgment interest in an appropriate amount;

G.  Such other and further relief as is just and equitable under the circumstances.

## COUNT V
## BREACH OF CONTRACT

67. Plaintiff incorporates that preceding paragraphs as though the same were fully set forth at length herein.

68. Plaintiff and Defendant had a valid contract concerning the terms and conditions of Plaintiff's employment with Defendant.

69. As described above, Defendant breached the contract by failing to pay Plaintiff in accordance with the terms and conditions specified in their employment agreement.

70. This constitutes a material breach of the agreement between Plaintiff and Defendant.

71. As a result of Defendant's breach, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

a)  An award to Plaintiff in an amount equal to his unpaid wages;

b)  Pre-judgment interest in an appropriate amount; and

c)  Such other and further relief as is just and equitable under the circumstances;

      d)      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:    /s/ *Johannes Hoffman*
Johannes Hoffman, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
jhoffman@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: December 29, 2025

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.